IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02212-BNB

JAMES BRYANT,

      Applicant,

v.

BOBBY BONNER, Warden, Kit Carson Corr. Center, and
JOHN SUTHERS, Attorney General for the State of Colorado,

      Respondents.

---

## ORDER DRAWING CASE

---

      Applicant, James Bryant, is in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado.  Mr. Bryant has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his criminal conviction in the District Court of El Paso County, Colorado.  He has paid the $5.00 filing fee.

      In an October 15, 2013 order, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents submitted a pre-answer response on October 22, 2013.  Applicant was given an opportunity to file a reply.

      The Court must construe liberally the Application filed by Mr. Bryant because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons

stated below, the Application will be drawn to a district judge and to a magistrate judge.

## I.  Background and State Court Proceedings

On August 25, 2005, Mr. Bryant was convicted by a jury of assault on a peace officer and distribution of a schedule II controlled substance in El Paso County District Court Case No. 03CR1282. [Doc. # 1, at 1-2].  After adjudication as a habitual criminal, Mr. Bryant was sentenced to an aggregate prison term of 48 years. [*Id.* at 2; Doc. # 9-1, at 6].

The Colorado Court of Appeals affirmed Mr. Bryant's convictions on direct appeal in *People v. Bryant* (*Bryant I*), No. 05CA2084 (Colo. App. March 5, 2009) (unpublished decision).  [Doc. # 9-10].  Applicant's request for certiorari review was denied by the Colorado Supreme Court on November 9, 2009, [Doc. # 9-8], and by the United States Supreme Court on March 22, 2010.  [Doc. # 9-6].

On April 10, 2010, Mr. Bryant filed *pro se* a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c), which was denied summarily by the state district court on April 29, 2010. [Doc. # 9-5].  The Colorado Court of Appeals affirmed in *People v. Bryant* (*Bryant II*), No. 10-CA1107 (Colo. App. June 21, 2012) (unpublished). [Doc. # 9-3].  Applicant filed a petition for rehearing, which was denied on November 1, 2012. [Doc. # 9-2].  He did not file a petition for certiorari review with the Colorado Supreme Court.

Mr. Bryant initiated this action on August 16, 2013.  He asserts two claims in the Application:

(1) that he received ineffective assistance of counsel, in violation of the Sixth Amendment, when trial counsel failed to conduct reasonable investigations to discover exculpatory evidence and testimony. [Doc. # 1, at 12].

2

(2) that his appellate counsel was ineffective in failing to raise issues on appeal concerning Applicant's habitual criminal adjudication. [*Id.* at 14].

## II.  Timeliness of Application

Respondents do not challenge the timeliness of the Application under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  [Doc. # 9, at 4-7].

## III.  Exhaustion of State Remedies and Procedural Default

### A.  Standard of Review

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal

3

quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

### B. Analysis

Respondents argue at the outset that Applicant's claims are pleaded insufficiently, in derogation of Rule 2(c) of the Rules Governing Section 2254 Cases, which requires that the petition state the facts supporting each ground for relief. As such, Respondents contend that "the only way to address exhaustion is to assume that the instant application intends to raise the same [claims] as were raised in applicant's state postconviction proceeding." [Doc. # 9, at 13].

Mindful that *pro se* pleadings are afforded a liberal construction, the Court has reviewed Mr. Bryant's opening brief in the state post conviction proceeding and finds that he is raising the same claims in his federal habeas application. Accordingly, the Court will address whether Applicant has exhausted the following claims.

Claim One: Trial counsel was ineffective in failing to:

a) conduct a sufficient investigation to discover that the officer who first spotted what looked like a drug transaction reported the wrong license tag number to dispatch, lied about his commendations, and lied about the injury resulting from applicant's assault, all of which would "most likely" have resulted in suppression of all evidence against him [Doc. # 9-4, at 12-13];

b) impeach the officer with inconsistent preliminary hearing testimony [*id.* at 13-14];
c) challenge a juror for cause, and failed to use a peremptory strike against the juror [*id.* at 14-15];

4

d) require Applicant's presence during a discussion whether to replace a juror with an alternate [*id.* at 15-17];

e) renew the motion to suppress during trial, based on trial evidence that purportedly supported suppression evidence [*id.* at 17-18].

f) move to suppress and object to evidence that officers answered calls to applicant's cell phone and spoke with people who were seeking to buy drugs [*id.* at 18-21];

g) seek a jury trial on the habitual criminal counts [*id.* at 21-22];

h) move for a proportionality review [*id.* at 22-24];

i) ensure a proper trial court advisement on the rights to testify or not testify (a requirement set out in *People v. Curtis*, 681 P.2d 504 (Colo. 1984)) [*id.* at 24-26]; and,

j) the cumulative effect of counsel's mistakes caused prejudice sufficient to warrant a new trial [*id.* at 26].

Claim two: Appellate counsel was constitutionally ineffective in failing to:

a) challenge the absence of a jury determination of the habitual criminal counts; and

b) appeal on the ground that one of the prior convictions used to enhance his sentence in this case was misnamed in the original information (it was amended prior to the habitual hearing).

[Doc. # 9-4, at 27-28].

Respondents concede that Mr. Bryant presented his claims to the Colorado Court of Appeals in the state post-conviction review proceeding.  Respondents argue, however, that Applicant has not exhausted his available state remedies because he did not seek certiorari review in the Colorado Supreme Court.

Relevant here is Colorado Appellate Rule 51.1, which provides:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be

> deemed to have exhausted all available state remedies
> respecting a claim of error.  Rather, when a claim has been
> presented to the Court of Appeals or Supreme Court, and
> relief has been denied, the litigant shall be deemed to have
> exhausted all available state remedies.

Colo. App. R. 51.1.

Pursuant to Colo. App. R. 51.1, review in the Colorado Supreme Court is not

required to exhaust state remedies if the claim in question was presented fairly to, and

relief was denied by, the Colorado Court of Appeals.  *See, e.g., Valenzuela v. Medina*,

No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011); *Garrett v. Werholtz*,

13-cv-01379-MSK (D. Colo. Sept. 18, 2013) (unpublished) (same).  Although the Circuit

Court of Appeals for the Tenth Circuit has not addressed the issue, *Valenzuela's*

interpretation of the state procedural rule is bolstered by four circuit court decisions

holding that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in

the state's highest court in order to satisfy the exhaustion requirement.  *See Lambert v.*

*Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03

(6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v.*

*Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

Respondents maintain that the Tenth Circuit's decisions in *Prendergast v.*

*Clements*, 699 F.3d 1182 (10th Cir. 2012) and *Vreeland v. Davis*, No. 13-1170, 2013

WL 5289963 (10th Cir. Sept. 20, 2013), suggest that presentation of a Colorado state

prisoner's claims to the Colorado Supreme Court is necessary to satisfy the statutory

exhaustion requirement.  [*See* Doc. # 9, at 15-16].  In *Prendergast*, the Tenth Circuit

noted that the State of Colorado failed to argue that the exhaustion defense applied

where the applicant failed to seek certiorari review of his adverse resentencing in the

Colorado Supreme Court.  *See* 699 F.3d at 1184 n.2.  The Circuit Court further noted that it could have raised the exhaustion defense sua sponte, but proceeded to decide the case on other grounds.  *Id.*  In *Vreeland*, the Tenth Circuit held in a unpublished decision that the applicant had failed to exhaust state court remedies where he was petitioning the Colorado Supreme Court for certiorari review at the time his federal application was filed.  *See* 2013 WL 5289963, at **2-3.  However, neither case holds that a Colorado state prisoner fails to satisfy the exhaustion requirement for a § 2254 application where the prisoner does not seek certiorari review of his claims by the Colorado Supreme Court before filing a federal application.  Until this Court receives a more explicit directive from the Tenth Circuit, it continues to find the holdings of other circuit courts of appeal persuasive.

The record establishes that Mr. Bryant presented his federal constitutional claims to the Colorado Court of Appeals and the claims were decided against Applicant on the merits in *Bryant II*.  Therefore, the Court rejects Respondent's affirmative defense that Applicant failed to exhaust state remedies before he filed his § 2254 application.  Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.

DATED at Denver, Colorado, this __4th__ day of __December__, 2013.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court